## IN THE UNITED STATES COURT OF APPEALS
## FOR THE FOURTH CIRCUIT

| | |
|---|---|
| **UNITED STATES OF AMERICA,** | ) |
| *Plaintiff-Appellee*, | ) |
| v. | )    Appeal No. 22-6043 |
| **MARK IAN GAVER,** | ) |
| *Defendant-Appellant.* | ) |

## GOVERNMENT'S MOTION TO REMAND TO THE DISTRICT COURT
## FOR FURTHER LITIGATION

On February 4, 2022, appellant Mark Ian Gaver ("Appellant") filed his opening brief in this Court, arguing that the district court denied him due process when it granted the United States' Motion to Amend Preliminary Order of Forfeiture to Include Substitute Assets (D. Md. Case No. RDB-17-640, ECF No. 193) (the "Motion") before he had the opportunity to respond to the Motion.

Based upon the government's review of the matter, because the district court granted the Motion (D. Md. Case No. RDB-17-640, ECF No. 194) before Appellant had received service of the Motion and before the 14-day response period anticipated in the District of Maryland's Local Rules had elapsed, the United States respectfully requests this Court remand the case to the district court for further proceedings on the Motion, which would include allowing Appellant to

move for reconsideration and/or to respond to the Motion in that forum. The government also asks this Court to stay the briefing schedule pending this further development of the record.

## BACKGROUND

On December 5, 2017, a federal grand jury sitting in the District of Maryland indicted Appellant on eight counts of bank fraud (Counts One through Eight) and two counts of money laundering (Counts Nine and Ten). (D. Md. Case No. RDB-17-640, ECF No. 1 (the "Indictment").) Following a jury trial, on August 1, 2018, Appellant was convicted on Counts One through Ten of the Indictment. (*See* D. Md. Case No. RDB-17-640, ECF No. 58.)

On December 13, 2018, the district court sentenced Appellant to 204 months (17 years) of imprisonment. (D. Md. Case No. RDB-17-640, ECF No. 106.) At sentencing, the district court also entered a preliminary order of forfeiture (D. Md. Case No. RDB-17-640, ECF No. 108) (the "Preliminary Order of Forfeiture")) imposing a $48,774,308.75 forfeiture money judgment and forfeiting Appellant's right, title and interest in several directly-forfeitable assets. The district court also found that the government was entitled to forfeiture of certain substitute assets because the conditions under 21 U.S.C. § 853(p) had been satisfied.

In approximately November 2021, the government learned that Appellant's Bureau of Prisons ("BOP") inmate trust account had an unusually high balance. At

2

that time, Appellant owed over $45 million toward his forfeiture money judgment. The government filed a motion to amend the Preliminary Order of Forfeiture to forfeit all of the Defendant's right, title and interest in $147,292.66 in funds from Appellant's BOP inmate trust account, which the U.S. Treasury Department had deposited into the account in September 2021.[1]

The government filed the Motion on November 30, 2021 and sent a copy of the Motion via U.S. Postal Service first-class certified mail to Appellant at Federal Correctional Institution ("FCI") Miami, where he is incarcerated. Three days later, on December 3, 2021, the district court granted the Motion and entered an amended Preliminary Order of Forfeiture. (D. Md. Case No. RDB-17-640, ECF No. 194 (the "Amended Preliminary Order of Forfeiture").) In this appeal, Appellant asserted, and the government's review of BOP records has confirmed, that Appellant did not receive service of the Motion until December 16, 2021. (*See* D. Md. Case No. RDB-17-640, ECF No. 195.)

Appellant filed a notice of appeal, which he deposited in the BOP mail system on December 20, 2021. (D. Md. Case No. RDB-17-640, ECF No. 195 (docketed January 4, 2022).) Pending the resolution of this appeal, the government has not seized the funds in Appellant's BOP inmate trust account as authorized by

---

[1] Additional funds have gone and continue to go into and out of Appellant's BOP inmate trust account.

3

the Amended Preliminary Order of Forfeiture. Instead, in order to preserve the funds for seizure, on November 18, 2021, the United States Marshals Service requested that BOP encumber Appellant's BOP inmate trust account against withdrawal, transfer, assignment, or liquidation without prior notice. The funds remain held in that posture.[2]

## ARGUMENT

A preliminary order of forfeiture becomes final as to the defendant at sentencing, and it may be amended at any time to include substitute property.[3] Fed. R. Crim. P. 32.2(b)(4)(A), (e). "'A defendant has standing to challenge a preliminary order of forfeiture because that order causes his injury—the loss of his property.'" *United States v. Gallman*, No. 20-7583, 2022 WL 134837, 2022 U.S. App. LEXIS 1162, at *1 (4th Cir. Jan. 14, 2022) (quoting *United States v. Bane*,

---

[2] Appellant states in his informal opening brief that "[t]he forfeiture order seized more than 100% of the petitioner[']s funds." (ECF No. 8, at 3.) While a preliminary order of forfeiture grants authority to seize funds pursuant to Federal Rule of Criminal Procedure 32.2(b)(3) it does not, in and of itself, effect a seizure. As noted above, the government has elected not to proceed with the seizure of the funds while the appeal is pending.

[3] Substitute property is defined in 21 U.S.C. § 853(p)(2) as "any other property of the defendant"—*i.e.*, property untainted by the criminal conduct. Thus, Appellant's argument that a "majority of the funds received were 2015 tax refund monies which are outside of the petitioner[']s indictment and conviction," (ECF No. 8, at 3), is not relevant, whether or not it is true. Likewise, whether the U.S. Treasury's deposits that are the subject of the government's Motion are most accurately described as tax refunds or economic stimulus payments has no bearing on whether the government may forfeit them as substitute assets.

4

948 F.3d 1290, 1294 (11th Cir. 2020)). It follows that a defendant may also challenge an order amending a preliminary order of forfeiture to include substitute assets at the time the district court enters its order to amend the preliminary order of forfeiture, as such an order similarly terminates a defendant's rights in the property at issue. *See United States v. Alamoudi*, 452 F.3d 310, 312-13 & n.1 (4th Cir. 2006).

The District of Maryland's Local Rule 105 provides, "Unless otherwise ordered by the Court, all memoranda in opposition to a motion shall be filed within fourteen (14) days of the service of the motion . . . ." A district court's local rules have "the force of law." *Weil v. Neary*, 278 U.S. 160, 169 (1929). They are binding on the parties and the promulgating court. *Woods Const. Co v. Atlas Chemical Industries, Inc.*, 337 F.2d 888, 890-91 (10th Cir. 1964). When a district court departs from a local rule in a way that affects substantial rights, reversal may be indicated. *Professional Programs Group v. Department of Comm.*, 29 F.3d 1349, 1353 (9th Cir. 1994).

This Court reviews a district court's application of its local rules for an abuse of discretion. *Moser v. MCC Outdoor, LLC*, 256 F. App'x 634, 643 (4th Cir. 2007) (citing *Northwest Bank & Tr. Co. v. First Ill. Nat'l Bank*, 354 F.3d 721, 725 (8th Cir. 2003)). "When considering whether a district court properly decided to relax or modify its local rules and procedural orders, we give the district court

broad leeway. Only if the complaining party is caused substantial prejudice will we find an abuse of discretion." *Presley v. Bellsouth Telecomms., Inc.*, 1998 WL 610873, 1998 U.S. App. LEXIS 21630, at *6 (4th Cir. Sept. 3, 1998) (per curiam).

Here, the district court's ruling before the full time allotted by the Local Rule had passed potentially affected Appellant's substantial rights because it foreclosed Appellant's opportunity to oppose the relief sought in the Motion—specifically, the forfeiture of specific funds in his BOP inmate trust account. Although the government does not foresee any basis on which Appellant can defeat the Motion, it does not seek to deprive Appellant of the opportunity to file a response and litigate the matter before the district court. Because the district court deviated from Local Rule 105, and because the deviation potentially affected the Appellant's substantial rights, the government respectfully submits that this case should be remanded to allow for further proceedings on the Motion, which would include allowing Appellant to move for reconsideration and/or to respond to the Motion in that forum—and which will enable factual development on the Motion, for which the district court is best suited.

The government requests that any briefing schedule be stayed pending the resolution of this issue in the district court. The government reserves the right to raise any issues as to timeliness of Appellant's appeal or otherwise, if he persists in this appeal after the remand.

## CONCLUSION

The United States respectfully requests that this Court enter an order remanding the case to the district court to allow for further proceedings on the Motion before the district court in this case.

                                                Respectfully submitted,

                                                Erek L. Barron
                                                United States Attorney

                       By:         /s/
                                                  Stephanie Williamson
                                                Assistant United States Attorney

                                                *Counsel for the United States*

## CERTIFICATE OF COMPLIANCE

1. This filing has been prepared using:

   **Microsoft Word, Times New Roman, 14 point font**

2. EXCLUSIVE of the caption, signature block and certifications, the filing contains 1,430 words.

   I understand that a material misrepresentation can result in the Court's striking the filing and imposing sanctions. If the Court so directs, I will provide an electronic version of the filing and/or a copy of the word or line print-out.

/s/
Stephanie Williamson
Assistant United States Attorney

**CERTIFICATE OF SERVICE**

      I HEREBY CERTIFY that on February 18, 2022, the Government's Motion to Remand to the District Court for Further Litigation was served by mail on the following person at the address shown:

> Mark Ian Gaver, #69643-018
> FCI Miami
> Federal Correctional Institution
> P.O. Box 779800
> Miami, FL 33177

                                                /s/
                                   Stephanie Williamson
                                   Assistant United States Attorney